UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Doris Ann Taylor,<br><br>               Plaintiff,<br><br>vs.<br><br>James Tripp, Jr.;<br>Shelia Dillion,<br><br>               Defendants.<br>_____ | ) C/A No. 6:11-02598-HFF-JDA<br>)<br>)<br>)<br>)<br>)<br>)  Report and Recommendation<br>)<br>)<br>)<br>) |

Plaintiff, Doris Ann Taylor (Plaintiff), proceeding *pro se*, filed a Complaint alleging fraud and embezzlement. For the reasons that follow, the undersigned recommends the District Judge dismiss the Complaint in this case without prejudice and without issuance and service of process.

<u>Pro Se and *In Forma Pauperis* Review</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the

1

action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

Plaintiff provides the following facts, verbatim and in their entirety: "Fraud, embezzlement, sign Federal contracts. Virgil Thomas 530 Boling Road Ext Greenville 29611. From 1996 until 2008 - 2 Ivydale Drive Greenville S.C. 29609." ECF No. 1, page

3. As relief, Plaintiff "would like the court to reimburse monies" which were "fraudulently taken" from her. *Id.* at 5.

In order for a court to hear and decide a case, the court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352. *See also* F. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A Plaintiff must allege the facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). *See also Dracos v. Hellenic Lines, Ltd.*, 762 F. 2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.] " If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). Although

the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction.  *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332.   However, the allegations contained in Plaintiff's Complaint do not fall within the scope of either form of this Court's limited jurisdiction. First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978).  The Court has no diversity jurisdiction over this case because, according to Plaintiff's Complaint, she and Defendant James Tripp, Jr., are residents of South Carolina. In absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Plaintiff includes the words "sign Federal contracts" in the Complaint's statement of claim, but provides no facts to demonstrate that the Defendants have violated any federal statute or constitutional provision.   Instead, Plaintiff's Complaint appears to

4

involve a contract dispute. Generally, such issues are a matter of state law to be heard in the state courts, unless diversity of citizenship is present. *See Tigrett v. Rector and Visitors of the University of Virginia*, 290 F.3d 620, 626 (4th Cir. 2002)(affirming district court's dismissal of state law contract claims when no federal claims remained in the case). As Plaintiff fails to provide sufficient factual information to establish federal subject matter jurisdiction, this case should be summarily dismissed.

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the Complaint in the above-captioned case *without prejudice*. Plaintiff's attention is directed to the important notice on the next page.

October 4, 2011                                         s/Jacquelyn D. Austin
Greenville, South Carolina                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).